NO. 07-02-0012-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 2, 2002

______________________________

LARRY CRUZ

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 359
TH
  DISTRICT COURT OF MONTGOMERY COUNTY;

NO. 00-08-04685-CR; HON. JAMES H. KEESHAN, PRESIDING

_______________________________

ABATEMENT AND REMAND

_______________________________

Before BOYD, C.J. QUINN, and REAVIS, JJ.

Larry Cruz appealed 
his conviction of capital murder. 
 The record was filed on May 3, 2002, making the appellant’s brief due to be filed by June 3, 2002.  Mike Aduddell (Aduddell), appellant’s counsel, filed a motion for extension of time to file appellant’s brief on June 4, 2002  purporting that he “. . . is a sole practioner and has a very active and civil criminal trial practice”  and that the cause is a “capital murder conviction and the reporter’s record comprises over 1600 pages alone . . . and is time consuming to read.”   The court granted the extension to July 3, 2002.  On July 5, 2002, Aduddell came in with another motion for extension of time to file the brief with the same explanation for the delay. The court again granted an extension and set the due date as July 24, 2002.  So too did it admonish appellant and counsel that no further extensions would be granted and failure to comply with the deadline would result in the abatement of the cause per Tex. R. App. P. 38.8(b)(2).  Nevertheless, the court received another motion from Aduddell on July 25, 2002 requesting another 30 days to file the appellant’s brief; the reason mentioned as justification for the relief consisted of the allegation that he  “. . . had sustained a very serious shoulder injury and . . . had not taken any medication to ease the pain as the medication . . . would render [him] incapable of doing any type of work in a coherent manner.”  He states that he has been scheduled for an MRI and surgery on July 30, 2002 at which time he anticipates that he “would be able to perform [his] practice and would be capable of completion of this brief.” 

Consequently, we abate this appeal and remand the cause to the 359th District Court of Montgomery County (trial court) for further proceedings.  Upon remand, the trial court shall immediately cause notice of a hearing to be served upon the parties and, thereafter, conduct a hearing to determine the following:

whether appellant desires to prosecute the appeal; 

2.   whether appellant is indigent; and,

whether appellant has been denied the effective assistance of counsel due to counsel’s medical condition coupled with the time constraints posed by counsel’s purportedly civil and criminal trial practice which have resulted in his failure to timely file a brief.   
See
 
Evitts v. Lucey
, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L. Ed. 2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).  

The trial court is further ordered to execute findings of fact and conclusions of law addressing the foregoing subjects.  Should the trial court find that appellant desires to pursue this appeal, is indigent, and was denied effective assistance of counsel, then we also direct it to appoint  new counsel to assist appellant in the prosecution of the appeal.  The name, address, phone number, telefax number, and state bar number of the new counsel appointed to represent appellant must also be included in the court’s findings of fact and conclusions of law.  Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk’s record containing the findings of fact and conclusions of law, and 2) a reporter’s record transcribing the evidence and argument presented at the aforementioned hearing.  Additionally, the trial court shall cause the supplemental clerk’s record and reporter’s record to be filed with the clerk of this court on or before September 4, 2002. Should additional time be needed to perform these tasks, the trial court may request same on or before September 4, 2002.
(footnote: 1)
 It is so ordered.

Per Curiam

Do not publish. 

FOOTNOTES
1:
In remanding the case, we do not ignore the contention that counsel purportedly suffers physical  injury.  Yet, a doctor’s statement accompanying the motion indicates that counsel sustained a “significant injury requiring a semi-urgent reconstructive procedure”, is in “significant pain,” and “should be excused from his judicial proceedings.”  Absent from the statement is any indication of when the doctor thought counsel could resume the performance of the duties owed to appellant.  Nor does counsel provide such information, other than simply suggesting that he “believes” that 30 days would suffice.  This is of import because an appellant, and the public, has an interest in the speedy resolution of this appeal.  And, if counsel’s injury poses an obstacle to achieving that interest, corrective action must be taken.